HOUCK AND WIFE, Plaintiffs in Error, v. CAMPLIN *et al.*, Defendants in Error.

1. By the law of Kentucky in the year 1830 slaves vesting in a wife, whether in remainder or otherwise, although not reduced to possession by the husband, passed to the husband upon her death in case he survived.

*Error to Boone Circuit Court.*

*Young*, for plaintiffs in error.

*Adams* and *Gordon*, for defendants in error.

I. The right of succession to the estate of intestates is governed by the laws of the domicil of the deceased at the time of the death. By the laws of Kentucky, which was the domicil of Bostick and his wife at the time of her death in 1830, all her personal property, whether the same had been reduced to possession or consisted of rights in action or interests in remainder in slaves, was vested in him absolutely *jure mariti*. Laws of foreign countries and other states are questions of fact to be proved and found as other facts; and in this case what the laws of Kentucky were was a question of fact, and as such was properly found as a fact by the court, and that finding was warranted by the evidence and fixes the rights of the parties to this controversy. (Story's Conflict of Laws, § 403; 15 Mo. 133; 4 Mo. 446; 7 Mo. 22.) The right to the property in controversy was settled by the judgment and decree of the Fayette circuit court in Kentucky, and that decree vesting the right in Bostwick, under whom the respondents claim, is conclusive between these parties.

SCOTT, Judge, delivered the opinion of the court.

The rights of the parties to this suit accrued under the laws of the state of Kentucky; consequently we must resort to those laws in order to ascertain them. The mother of the complainant, Margaret Houck, had an interest by way of remainder in certain slaves. Pending a suit for their distribu-

·tion in the court of Kentucky, the mother died, leaving her husband as survivor. The plaintiffs assert title through the ·mother; the defendants claim through the father. The court below found that by the law of Kentucky the interest of the wife on her decease passed to her surviving husband. There can be no doubt of the correctness of this finding.

In whatever light this question may be regarded by the laws of this state, in Kentucky it is well settled that if any interest in a chattel vests in a female before or during coverture, although a particular estate may exist in it undetermined, so that no possession is acquired by the husband during the life of the wife, the right will belong to the husband in case he survives, and pass to his administrator. (Ewing's Heirs v. Handley's Exec'rs, 4 Litt. 348; Irvin v. Divine, 7 Mon. 246; Baker v. Red, 4 Dana, 163.)

In the case under consideration, the rights vested long before the act of the general assembly of the state of Kentucky of 1845-6, by which the interest of the husband in his wife's estate was restricted. The judgment is affirmed; Judge Ryland concurring; Judge Leonard absent.